1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALBERT R. ZUNIGA,

              Plaintiff,

      v.

KING COUNTY, *et al.*,

              Defendants.

Cause No. C21-1030RSL

ORDER REQUIRING A MORE
DEFINITE STATEMENT

      On August 10, 2021, plaintiff's application to proceed *in forma pauperis* was granted and his complaint was accepted for filing. The complaint lists twenty-one defendants including, but not limited to, banking entities (Navy Federal Credit Union), politicians and local governmental entities (Mayor Jenny Durkan and King County), federal agencies (Department of Defense), medical providers (University Health System of San Antonio, Texas, and Dr. Robert C. Schenk from New Mexico), corporations (Google and Lockheed Martin), and individuals (Jesse Sepulveda and Mark Manning). Dkt. # 8 at 1-6. Plaintiff asserts that cruel and unusual punishment, the pursuit of life, liberty, and happiness, and domestic terrorism are at issue. *Id.* at 6.

      The factual bases for plaintiff's claims are not clear. He states that the "defendants wittingly and/or unwittingly participated in intentional, pre-meditated murder cover-up, attempted murder." *Id.* at 8. Unidentified defendants are alleged to have inflicted indignities on

ORDER REQUIRING A MORE
DEFINITE STATEMENT - 1

plaintiff, engaged in malpractice, fabricated justifications to arrest plaintiff and sell him into incarceration, hacked plaintiff's banking and social media accounts, and terrorized plaintiff, forcing him to move from Texas to Washington. *Id*. at 9.

The Court, having reviewed the record as a whole under the standards articulated in 28 U.S.C. § 1915(e)(2) and having construed the allegations of the complaint liberally (*see Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003)), finds that plaintiff's complaint is deficient for the following reasons:

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint will be dismissed unless it states a cognizable legal theory that is supported by sufficient facts to state a "plausible" ground for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). All well-pleaded allegations are presumed to be true, with all reasonable inferences drawn in favor of the non-moving party. *In re Fitness Holdings Int'l, Inc.*, 714 F.3d 1141, 1144-45 (9th Cir. 2013). Although a complaint need not provide detailed factual allegations, it must give rise to something more than mere speculation that plaintiff has a right to relief. *Twombly*, 550 U.S. at 555. The named defendants are identified only in the list of parties, with no mention in the factual allegations or the statement of claims. Defendants - and the Court - would have to guess what acts they are supposed to have committed and how those acts relate to, much less establish, a violation of the Eight Amendment, interference with life, liberty, or the pursuit of happiness, or domestic terrorism. At a bare minimum, Rule 8(a) mandates that plaintiff "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*,

ORDER REQUIRING A MORE
DEFINITE STATEMENT - 2

355 U.S. 41, 47 (1957)). The complaint fails to serve this vital purpose.

To the extent plaintiff is asserting a claim under 42 U.S.C. § 1983 for violations of his constitutional rights, he has not alleged state action on the part of the numerous individuals and private corporations/associations named as defendants.


For all of the foregoing reasons, the Court declines to issue a summons in this matter. Plaintiff may have a viable claim against one or more of the named defendants, but, if so, it cannot be discerned from the complaint and its attachments. Plaintiff is hereby ORDERED to file on or before September 7, 2021, an amended complaint which clearly and concisely identifies the acts of which each named defendant is accused and how those acts violated plaintiff's legal rights. The key to filing an acceptable amended complaint will be providing enough facts that each defendant has sufficient notice to mount a defense and from which one could plausibly infer that plaintiff has a viable legal claim and a right to relief against each defendant. The amended complaint will replace the existing complaint in its entirety. Failure to timely file an amended complaint that asserts a plausible claim for relief will result in dismissal of this action.

The Clerk of Court is directed to place this Order Requiring More Definite Statement on the Court's calendar for consideration on Friday, September 10, 2021.


Dated this 11th day of August, 2021.

*MrS Lasnik*

Robert S. Lasnik
United States District Judge

ORDER REQUIRING A MORE
DEFINITE STATEMENT - 3