UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALBERT R. ZUNIGA,

           Plaintiff,

    v.

KING COUNTY, *et al.*,

           Defendants.

Cause No. C21-1030RSL

ORDER OF DISMISSAL

On August 10, 2021, Albert R. Zuniga's application to proceed *in forma pauperis* was granted and his complaint was accepted for filing. The complaint listed twenty-one defendants, but failed to explain what any of them did or how their actions constituted cruel and unusual punishment, impacted his pursuit of life, liberty, and happiness, or constituted domestic terrorism. The Court ordered plaintiff to file "an amended complaint which clearly and concisely identifies the acts of which each named defendant is accused and how those acts violated plaintiff's legal rights." Dkt. # 12 at 3. Plaintiff filed a response and addendum to the Order Requiring a More Definite Statement, Dkt. # 21 and # 22, which the Court takes together as an amended complaint.

The amended pleading identifies Zombee Tech Corporation ("ZTC") and Mr. Zuniga, its Chief Executive Officer, as plaintiffs. Over 180 individuals, government entities, corporations, state bar associations, and universities are named as defendants. Dkt. # 21 at 23-37. Plaintiffs

ORDER OF DISMISSAL - 1

accuse "defendants, named and unamed [sic]" of a litany of wrongs, including violations of their constitutional rights, denial of law library access, denial of commercial activity, statutory violations, breaches of fiduciary duty, stolen trade secrets, malicious malpractice, bribery, cyberhacking, murder, and insurance fraud. Dkt. # 21 at 1-3. There is an indication that plaintiffs may be challenging a plea bargain offered (or possibly an on-going criminal proceeding) in a state court case. Dkt. # 21 at 3 and 22.

Plaintiffs' factual allegations begin with events occurring in 1986 involving a car accident, an assault and battery, and Mr. Zuniga's military service. Five years later, Mr. Zuniga apparently attended a bachelor's party where he was drugged and assassinated by many of the family and friends listed as defendants. *See* Dkt. # 21 at 8 and 13. He was brought back to life through medical and religious interventions, but asserts that the medical provider who performed surgery on him – and a number of subsequent providers – engaged in malpractice (if not torture). In 2014-2016, John Bull, the presiding Magistrate Judge in San Antonio, schemed with others to steal Mr. Zuniga's intellectual property. Judge Bull allegedly orchestrated back-to-back attempts on Mr. Zuniga's life. His sister also attempted to murder him. He reported these attacks to various authorities, but to no avail.

In addition to the seven-page narrative of "substantial facts" summarized above (Dkt. # 21 at 6-13), plaintiffs provide short statements regarding what most of the named defendants are supposed to have done (Dkt. # 21 at 13-22). With regards to Kamala Harris and the U.S. Marshals Service, for example, plaintiffs allege that they attempted to intimidate Mr. Zuniga when he was entering the U.S. Courthouse in the Western District of Washington: while he was being screened by the Marshals, Ms. Harris passed freely and stared at him. Dkt. # 21 at 13. Eric Hiwojosa is alleged to have breached an unspecified contract and covered up efforts to steal

ORDER OF DISMISSAL - 2

plaintiffs' technology in 2016-2017. Dkt. # 21 at 14. Aguillera and Evans, two patent attorneys, allegedly accepted money from plaintiffs to protect their intellectual property and instead colluded to steal it. Dkt. # 21 at 14. Ivy Taylor is said to have taken Mr. Zuniga's "innovation to Spain w/out acknowledging Zuniga[']s ownership of such innovation, corrupt." Dkt. # 21 at 15. Nicole Rubio used "her corrupt influence to deny bail." Dkt. # 21 at 16. NASA and Homeland Security stalled plaintiffs' proposals in 2015-2016 and 2018, respectively. Dkt. # 21 at 17. An unidentified medical provider at Baptist Hospital attempted to repair injuries suffered in the 1991 assassination attempt but, when scarring was encountered, "unilaterally decided to cut me open tied my insides up to cause pain, discomfort, malicious." Dkt. # 21 at 19. Space X, Amazon, and Starbucks have surveilled and/or threatened plaintiffs. Dkt. # 21 at 20. Ten banking entities allegedly engaged in fraud and corruption toward plaintiffs. Dkt. # 21 at 21. Uncle Ike's Pot Shop and Reef 21 "sold tainted weed, shorted weight and other fraud." Dkt. # 21 at 21 and 37. Plaintiffs allege that the VA Puget Sound Hospital denied Mr. Zuniga medical services. Dkt. # 21 at 22.

Having reviewed the allegations of the amended complaint as a whole under the standards articulated in 28 U.S.C. § 1915(e)(2) and having construed the allegations of the complaint liberally (*see Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003)), the Court finds that Mr. Zuniga[1] has failed to state a cognizable legal theory that is supported by enough facts to state a "plausible" claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). The allegations against certain individuals, such as Kamala Harris, do not involve any legally-

---

[1] Mr. Zuniga is not an attorney and cannot represent other persons or legal entities, such as Zombee Tech Corporation, in federal court.

ORDER OF DISMISSAL - 3

cognizable wrongdoing and cannot support a claim for relief. The vast majority of allegations of wrongdoing are conclusory and formulaic: the named defendants are alleged to have engaged in conspiracy, corruption, fraud, *etc.*, with no factual allegations regarding what, where, when, and how the alleged wrongdoing occurred. Simply asserting that Eric Hiwojosa breached a contract, that Uncle Ike's cheated its customers, or that Starbucks issued threats without any details regarding the conduct or how it impacted Mr. Zuniga does not raise the right to relief above a speculative level and cannot open the doors of discovery in federal court. In addition, the vast majority of the alleged conduct did not involve state action and/or is time-barred. Finally, to the extent Mr. Zuniga seeks to enjoin, remove, or otherwise interfere with a pending state court action, abstention would be appropriate. *See Dubinka v. Judges of Superior Ct. of State of Cal. for Cty. of Los Angeles*, 23 F.3d 218, 223 (9th Cir. 1994) (discussing the requirements for *Younger* abstention). In the alternative, if he is seeking to enjoin a continuing sentence for a still-valid conviction, the request is barred under *Heck v. Humphrey*, 512 U.S. 477, 486-88 (1994).

For all of the foregoing reasons, the above-captioned matter is DISMISSED. The Court has reviewed Dkt. # 7-11 and # 17-19 but finds no reason to delay the dismissal of this action. The Court declines to convert this civil action for $10 billion in damages into a habeas petition.

Dated this 20th day of September, 2021.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER OF DISMISSAL - 4